# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID B. GILL,

        Appellant,

        v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
DA-3443-14-0096-B-1

DATE: June 11, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Phil Truman, Fort Worth, Texas, for the appellant.

Steven P. Hester, Pensacola, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review, VACATE the remand initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        On November 20, 2013, the appellant filed a constructive suspension appeal alleging that the agency improperly required him to use leave, rather than placing him on administrative leave or assigning him to light duty, after his doctor cleared him to return to work following his hospitalization.[2] MSPB Docket No. DA-3443-14-0096-I-1 (I-1), Initial Appeal File (IAF), Tab 1 at 7, Tab 11 at 3. The appellant also alleged that the agency discriminated against him on the basis of his disability by denying him reasonable accommodations. I-1, IAF, Tab 11 at 3. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. I-1, IAF, Tab 13, Initial Decision. The administrative judge found that the appellant failed to nonfrivolously allege facts which, if proven, would establish Board jurisdiction over his appeal, and as a result, the Board also lacked jurisdiction over his claims of discrimination. *See id.* at 2-6.

¶3        After the appellant filed a petition for review of the initial decision, the Board found that he made a nonfrivolous allegation of jurisdiction and remanded

---

[2] Although the appellant indicated that he was "Denied Admin Leave for Fitness for duty" and did not expressly allege that the agency constructively suspended him, the administrative judge characterized his claim as a constructive suspension. MSPB Docket No. DA-3443-14-0096-I-1, Initial Appeal File, Tab 1 at 5, Tab 10 at 1.

the case for a jurisdictional hearing. I-1, Petition for Review (PFR) File, Tab 1, Tab 5, Remand Order. On remand, the appellant's appeal was resolved through a settlement agreement. MSPB Docket No. DA-3443-14-0096-B-1 (B-1), Remand File (RF), Tab 10 at 4-8. The administrative judge stated that the Board has jurisdiction over the underlying appeal, accepted the agreement into the record for enforcement purposes, and dismissed the appeal as settled. RF, Tab 11, Remand Initial Decision (RID).

¶4      The appellant has filed what he characterizes as a petition for review in which he alleges that the agency failed to comply with the terms of the settlement agreement because it has not paid him for 341 hours of annual leave and 18.5 hours of sick leave.[3] B-1, Remand Petition for Review (RPFR) File, Tab 1 at 3; Tab 5 at 4. The agency has filed a response to the appellant's petition acknowledging that the appellant's leave has not been restored and arguing that the appellant's petition for review should be construed as a petition for enforcement. RPFR File, Tab 4 at 4-5. The appellant has filed a reply. RPFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The appellant's submission is in the nature of a petition for enforcement, not a petition for review. On review, the appellant does not challenge the validity of the settlement agreement or seek to set it aside as unlawful, involuntary, or the result of fraud or mutual mistake. RPFR File, Tabs 1, 5. Nor does he allege any error in the administrative judge's dismissal of his appeal as settled. *Id.*, Tabs 1, 5. Thus, we find no basis for granting the petition for review. *See Armstrong v. Department of the Treasury*, 110 M.S.P.R. 533, ¶ 10 (2009) (an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled), *aff'd in part, vacated*

---

[3] The appellant also alleges that the agency improperly deducted $1,543.85 from his retirement pay. B-1, Remand Petition for Review File, Tab 5 at 4.

*in part by Armstrong v. Department of the Treasury*, 591 F.3d 1358 (Fed. Cir. 2010); *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 5 (2006) (finding that because the appellant neither argued that the administrative judge erred in dismissing the appeal as settled nor challenged the validity of the settlement agreement by asserting that it was unlawful, involuntary, or the result of fraud or mutual mistake, his pleading was in substance a petition for enforcement).

¶6    Instead, the appellant's petition alleges that the agency has failed to comply with the terms of the settlement agreement by failing to pay him for his annual and sick leave. RPFR File, Tab 1 at 3, Tab 5 at 4. Allegations that a party has failed to comply with a settlement agreement are to be raised in the first instance before the regional office that accepted the agreement into the record. *Harris v. U.S. Postal Service*, 59 M.S.P.R. 222, 225 (1993). Where allegations of noncompliance are raised for the first time before the full Board, the Board will forward the submission to the appropriate regional office for adjudication as a petition for enforcement. *Id*.; 5 C.F.R. § 1201.182(a).

¶7    Here, as noted above, the Board remanded the appeal to the administrative judge because it found that the appellant had made a nonfrivolous allegation of Board jurisdiction. Remand Order at 6. To be clear, the Board did not make a finding of jurisdiction but rather remanded the appeal to the administrative judge to afford the appellant an opportunity to prove jurisdiction by preponderant evidence. *Id*. On remand, the administrative judge stated that the Board had jurisdiction over the underlying constructive suspension appeal, but he provided no analysis to support that claim.

¶8    Because the administrative judge did not make a reasoned finding regarding the threshold jurisdictional issue prior to dismissing the case as settled, before the appellant's petition for enforcement can be resolved, the Board's jurisdiction over the underlying appeal must be resolved. *See Parks v. Department of Defense*, 56 M.S.P.R. 74, 76 (1992) (before dismissing a matter as settled and entering the

agreement into the record, the Board must, among other things, determine whether it has jurisdiction over the underlying appeal). Accordingly, we VACATE the remand initial decision and REMAND the case to the regional office to make a reasoned finding regarding whether the Board has jurisdiction over the underlying appeal.[4] If the administrative judge determines that the Board has jurisdiction, then he also shall adjudicate the appellant's allegations of noncompliance with the settlement agreement.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.

---

[4] Nothing in this order, however, prevents the parties from opting not to pursue the issue of the Board's jurisdiction and instead settling the appeal without entering the agreement into the record for enforcement purposes.